IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> MATTHEW McCAULEY, <br> Defendant. | Case No. 14-MJ-186 <br> ORDER FOR PRETRIAL DETENTION |

On the 19th day of August, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Dan Chatham. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## I. RELEVANT FACTS AND PROCEEDINGS

On August 8, 2014, Defendant Matthew McCauley was charged by Criminal Complaint (docket number 2) with maintaining a drug-involved premises. At the hearing, Cedar Rapids Police Officer Bryan Furman testified regarding the circumstances underlying the instant charge.[1] Officers conducted a motor vehicle stop on March 11, 2014. The driver, Anthony Rice, had a suspended license. In a search incident to arrest, officers found 63 packages containing synthetic marijuana. Rice told officers that he was employed at the Fragrance Hut and that his employer, Defendant Matthew McCauley, told him to take the drugs home at night to prevent them being stolen in any burglary at the store. The seized drugs were sent to the DCI lab for evaluation, and came back positive for XLR-11 and AB-FUBINACA, both Schedule I Controlled Substances.

---

[1] Officer Furman is currently assigned to the DEA Task Force.

Nine days later, on March 20, 2014, officers conducted a controlled buy at the Fragrance Hut. Officers purchased packages labeled "Purple Haze" and "Purple Diesel." The DCI laboratory determined that the Purple Haze did not contain any controlled substances, but the Purple Diesel tested positive for the presence of UR-144, XLR-11, and AM-2201.

The next day, March 21, officers went to the Econo Lodge motel in Cedar Rapids, in response to a report by motel management that the renter was "out of control" and potentially damaging property. The renter of the room was Defendant Matthew McCauley. Officers determined that there was an outstanding warrant for Defendant's arrest, and he was taken into custody. In a search incident to arrest, officers found methamphetamine, marijuana, and Oxycodone and Hydrocodone which were not prescribed to Defendant. Officers also located $1,245 on Defendant's person and found a temporary driver's license in his wallet which displayed Defendant's photograph, but had a different name. At that time, Defendant admitted owning and operating the Fragrance Hut.

According to the Pretrial Services Report, Defendant is 39 years old. He was born in Cedar Rapids and has lived here all of his life. His parents and siblings also live in Cedar Rapids. Defendant was married from 2009 to 2011, but no children were born to the marriage. Defendant has four children from a prior relationship, however, who reside with their mother in Cedar Rapids.

Defendant reported to the pretrial services officer that he has lived with his father for the past three years. Defendant's father stated that the Defendant "comes and goes" and has lived with him when Defendant needs a place to stay. Defendant's father told the pretrial services officer that Defendant was welcome to reside at his home. Also living at the home, however, is Defendant's brother, who has "a lengthy criminal record," and Roger Alexander, who "has several operating while intoxicated convictions."

Defendant told the pretrial services officer that approximately three months ago he was the proprietor of the Fragrance Hut, but he recently dissolved his LLC and sold the business to his friend, Anthony Brice. (The prosecutor believes that Anthony Brice is actually Anthony Rice.) According to Defendant, for the past month he has been employed at the Fragrance Hut. Defendant also stated that he has been employed as a contractor for All Seasons Construction, and believes he could return to that employment if released.

Defendant has been diagnosed with gastritis, and has been hospitalized several times for severe stomach pain. He has also been diagnosed with a severe social anxiety disorder, and has been prescribed Adderal and Xanax.

Defendant described himself as a "severe alcoholic" between 2003 and 2013, but asserted that he has not consumed alcohol in the past year. Defendant admitted that he has smoked marijuana since he was a "child," and that he has smoked marijuana as an adult "once or twice" per month. He last smoked marijuana on July 4, 2014. Between 2001 and 2005, Defendant was a heavy user of cocaine, but denies any use of cocaine since that time. Defendant stated that he "sporadically" used methamphetamine for several years, but has not used methamphetamine in the last six months.

Defendant has a lengthy prior criminal record, dating back to age 18. Between 1993 and 1997, Defendant was convicted of theft in the fifth degree, assault, trespass (twice), theft in the third degree (twice), burglary in the third degree, and theft in the fourth degree. Many of the charges occurred while Defendant had other charges pending. Defendant was found in violation of his probation on the burglary charge and sentenced to 21 days in jail. Later, Defendant's deferred judgment on that charge was revoked and he received a five-year suspended prison term. Defendant failed to appear on one of the theft charges, and a warrant was issued for his arrest.

In 2001 and 2002, Defendant was convicted of possession of a controlled substance, failure to affix a tax stamp, and interference with official acts. While on probation on the felony drug charge, Defendant was found in contempt of court and sentenced to 40 days in jail. His probation was later modified to require 365 days at the Gerald Hinzman Center.

Between 2010 and 2014, Defendant has been arrested 27 times. His convictions include trespass to premises of another person and refusing to depart in Hennepin County, Minnesota. A warrant remains outstanding for his arrest in that state. Defendant has also been convicted of interference with official acts, trespass, criminal mischief in the fifth degree, intentional damage to property, providing false identification information, assault on a peace officer, fifth degree theft, public intoxication, harassment in the third degree, criminal mischief in the fourth degree, domestic abuse assault causing bodily injury, theft in the fifth degree, possession of a controlled substance — second offense, public intoxication, theft in the third degree, interference with official acts, and, in 2014, unlawful possession of a prescription drug and theft in the fifth degree (twice). During that time, Defendant failed to appear for three court proceedings and was twice found in contempt of court for violating a no contact order and illegal resistance to an order or process.

Defendant has three cases pending in state court in Linn County. On January 9, 2014, he was charged with seven counts of forgery. On February 27, 2014, Defendant was again charged with forgery. On June 4, 2014, Defendant was charged with theft in the first degree, possession of a controlled substance — third offense (two counts), domestic abuse assault — second offense, unlawful possession of a prescription drug, and possession of drug paraphernalia. All three state court cases remain pending.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial

officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption

case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* See also *United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with maintaining a drug-involved premises. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Because there is probable cause to believe Defendant committed a serious drug offense, there is a rebuttable presumption that he should be detained pending further proceedings. The weight of the evidence appears to be strong. While Defendant has substantial ties to the community, he does not have a stable residence. Defendant has been previously convicted of providing false identification information, and when he was arrested on March 21, 2014, he had false identification in his wallet. Defendant has a lengthy criminal record, with many of the offenses occurring while he had other charges pending. He has not been compliant with terms of probation. He has numerous failures to appear for court proceedings, and there is a warrant outstanding for his arrest in Minnesota. Defendant is an active drug user. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release. Accordingly, the Court finds that Defendant should be detained pending further proceedings.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of

proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained pending further proceedings. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 19th day of August, 2014.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA